PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

United States Courts
Southern District of Texas
FILED

FEB - 8 2023

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF TEXAS
_____ DIVISION

Byron Keith Harmon
Plaintiff's Name and ID Number

William Estelle Medical Unit
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

Christian Oppong, 264 FM 3478, Huntsville, TX 77320
Defendant's Name and Address

Jeremy W. Zwar, 264 FM 3478, Huntsville, TX 77320
Defendant's Name and Address

Jeremy W. Zwar, 264 FM 3478, Huntsville, TX 77320
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? X YES ___ NO
   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: Aug. 2017
      2. Parties to previous lawsuit:
         Plaintiff(s) Byron Keith Harmon
         Defendant(s) ERNESTINE Wiley, Khari Mott,
      3. Court: (If federal, name the district; if state, name the county.) Southern District
      4. Cause number: NA
      5. Name of judge to whom case was assigned: Udge William Bennett
      6. Disposition: (Was the case dismissed, appealed, still pending?) dismissed
      7. Approximate date of disposition: NA

Rev. 05/15

II. PLACE OF PRESENT CONFINEMENT: William Estelle Medical Unit

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?  ___ YES  X NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Byron Keith Harmon, 264 FM 3478, Huntsville, Tx, 77320

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: CHRISTIAN DIPANG COIV,

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Wrongfully and unjustifiably assaulted me in the face w/ Pepper Gas.

Defendant #2: Aaron K. Burch

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Assaulted me by slamming me into the toilet and wall of my cell

Defendant #3: Jeremy W. Zwar, Slamming me into the toilet and wall of my

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Assaulted me by slamming into the toilet and wall of my cell forcing 2 pair of hand restraint on both wrist. Kimberly A. Edwards

Defendant #4: Kimberly A. Edwards

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Assaulted me by slamming me into toilet and wall of my cell.

Defendant #5: Hearing Officer Curtis L. Jordan

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Wrongfully took me out of hearing and found me guilty

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

On the said date of October 6, 2022 at the approximate time of 8:55am on K2, I Row Picket - Dayroom area, during an in and out where Officer Christian OPPONG C01V was. I walked to him to ask his reasons for using profanity towards me disrespecting me when I've never approached him that way. (i.e., Officer OPPONG was kick my cell door telling me to get that fucking sheet down as I had been asleep.) At that time he'd pulled out the cannister of chemical agent shaking it say go back to your fucking cell. I stepped away and move closer to the picket. The picket officer asked me to go to my cell he'd take care of it. As I was about to walk in the direction of my cell, Officer OPPONG state he wasn't afraid of me he'd gas my fucking ass. I turned in that direct-

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Aggravated Assault and Battery Charges filed against Officer OPPONG. Assault and Battery against Sargants Arron A. Burch, Jeremy K. Zurr and Kimberly A. Edwards. The amount of 1.5 million in Compensatory Damages, 2.5 Mil. Punitive Damages, Transfer

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Burton Keith Harmon El, Hakim Abdul Malik, Rat, Gun Smoke

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

503419, 686891, 1861973;

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___ YES  X NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): N/A
2. Case number: N/A
3. Approximate date sanctions were imposed: N/A
4. Have the sanctions been lifted or otherwise satisfied?  X YES ___ NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed? ___ YES _X_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): __N/A__
2. Case number: __N/A__
3. Approximate date warning was issued: __N/A__

Executed on: __01-31-23__
DATE

__Byron Keith Harman__ "Without Prejudice"
UCC 1-207(39)-40(b)
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __31st__ day of __January__, 20__23__.
(Day)           (month)           (year)

__Byron Keith Harman__ "Without Prejudice"
UCC 1-207(39) 40(b)
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15

V. STATEMENT OF CLAIMS: Con't, Page 4- tion and he sprayed me in the face. Just so happen to grab the back of the Officers Vest. Immediately he began to try and get away and I was trying to maneuver him so that he couldn't continue to assault me in the face with the Chemical Agent. At some point I let him go and blindly made my way to my cell with the voice guidence of the Offenders on the run way. (The incident took place at approximately 8:55am,) (Note that he had the cannister in his hand already when I turned to face him.)

V.(2) STATEMENT OF CLAIMS:

After making it to my cell, my cell door slammed shut as I made it inside to was the pepper gas off. It was no more than 5 to 10 minutes later when I heard Sargant Arron K. Burch voice telling me to put my hands behind my back after my cell door had been reopened. I stated that I couldn't i'm front cuff pass. I was immediately grabbed (i.e. at my left arm and shoulder, Right arm and shoulder my neck and pushed in my upper back.) and shoved into the toilet where, I hit the wall next to it. I was then pulled up and that's when Sargent Jeremei Zuex got in my ear and placed (1) pair of hand restraints, after stating; "You're going to fucking listen to me huh Byron." I tried to open my eyes to see the third person and saw Kimberly A. Bowaros holding my left arm as they escorted me out the cell, down the hall and to the infirmary. I was then looked over immediatedly and immediately rushed out to A wing where I was taken to A1-113 and placed in the cell with no matress, but give soap to wash off the pepper gas.

V.(3) STATEMENT OF FACTS/CLAIMS:

On the approximate date of 10-07-22 at the approximate time of 10:48am Coun. Sub I Justin L. Stark come to my cell A1-113-B to serve me with a printout to the I-210 Offense report written by said Officer Christian DiPanls COW. The I-210 stated initself that I hit him in the Chest w/ a close fist and this was what constituted him to spray the chemical agent in my face which resulted in the use of force he frauclulently falsified to have occurred..... On or about the said date of October 9th or 10th I appeared before Disciplinary Hearing Officer Captain Curtis L. Jordan for this said Infractions which Coun. Sub I Amber K. Buck being there to represent me. I'and the Coun. Sub I Buck was ask if we were ready to pursue with the hearing and did'I understand the charaes against me. I stated no I don't. He again ask the question direct-it to Coun Sub I Buck, disregarding me whereas she stated "Yes." and the hearing process began.

Pg 1 of 4

During the part about my giving a statement to if the Coun Sub I Buck having a chance to discuss the procedures of the case I stated no because, we didn't, it was Coun. Sub I J Stark I'd talked to. When hearing Officer Jordan asked about the evidence, Coun Sub gave the statement of the Picket Officer who stated that Officer DiPang sprayed me with the Chemical Agent and nothing about me hit this Officer w/ a Closed fist in the Chest. I refuted a statement given by Coun Sub Buck about an incident which never occurred that she stated was on the camera. Whereas, I stated she was lying. hearing Officer Jordan removed me from the hearing, ran the case without me, found me guilty of an assault 3.03 which never took place. He also co-erced Officer DiPang to say I hit him in the Chest.

V. (4). STATEMENT OF CLAIM:

The following day I appeared before The Unit Classification Committee members. Major Tallen R. Metcalf, Nicholas A. Ferguson Captain, Gorman, Valdez Sergeant. and Chief Classification Officer who at the time prior had all reviewed the video pertaining to the use of alleged force..... Major Tallen R. Metcalf who graded the Infraction as a Major Case also sat on the UCC board which was a violation in itself, also knowing that I didn't hit the Officer in the chest with a close fist, demoted me in custody (G-4 to G5) was another violation and also didn't process the use of force statement I filed with Sargant Jonas G. Canton.

V. (5) STATEMENT OF CLAIM:

Captain Nicholas A. Ferguson A member of the UCC Board upon my arrival stated: "You know your getting G-5 and going across the street (High Security) for assaulting my officer." As I informed him knowing that he had review the video that: You know I didn't hit him in the Chest for him (DiPang) to spray me with the Chemical agent. He (Captain Ferguson) stated you still grabbed his vest. I stated that this was after he had assaulted me. Captain Ferguson along with Sgt Arron A. Beech, Sgt. Jeremy K. Zuber, Captain Curtis L. Jordan, Sgt. Jona G. Cornton (others I can't name) Co-erced Officer Christian DiPang to state on his offense report about the striking him in the Chest.

Pg 2 of 4

V. (6); STATEMENT OF CLAIM:

Sargent GUERMAN VALDEZ who, being a member of the UCC Board and Co-Conspirator to the demotion of my custody level (G4 to G5) view the video tape knowing that the procedure to the incident was fraudulent and falsified, yet he went along with the wrong instead of correcting it.

V. (7); STATEMENT OF CLAIM:

The Chief of Classification Officer who, being another member that sat on the Board, reviewed the video tape and being a co-co-spirator failed to take corrective action in rectifying the incident, but went along with the fraudulent and falsified co ercing to demoting me in class (G4 to G5) custody.

V. (8); STATEMENT OF CLAIM:

Amber K. Buck Coun. Sub I who being appointed to represent me was also a viewer of the video tape and a co conspirator in the disciplinary processing w/ hearing Officer Curtis L. Jordan fraudulently falsified a statement (verbal/written) which was not in the recording of the video tape itself, to coincide with the co-ercion of the falsified charge to find me guilty, inducing punishment I didn't deserve.....

V. (9); STATEMENT OF CLAIM:

Sargent Jona G Canton who being the investigator to the alleged use of force verified, (clarified, stated) that upon the viewing of video tape, he did not see at any point me striking the officer in the chest as stated by him in the Offense report he falsified against me to justify his using the Chemical agent on me. Sgt. Canton was also in receipt of the Use of force statement written by me which was given to him by officer

V. (10); STATEMENT OF CLAIM:

ALEXIS D. ALFORD INVESTIGATOR III who being a Co-Conspirator to the incident failed and refuse to process all Step I Grievances in relation to the Alleged use of force, and the disciplinary hearing process.

and did not send me a notice of extension of time for the investigation to Step 1 Grievance #2023021776 filed in the approximate month of November 2022, delaying the exhaustion of remedies for Civil Actions